```
 1
 2
 3
 4
 5
 6                    IN THE UNITED STATES DISTRICT COURT
 7                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 8   DANIEL MORA,
 9           Plaintiff,                  No. CIV S-05-1742 GEB CMK P
10      vs.
11   J.S WOODFORD,
12           Defendants.
13   _____/         ORDER
```

        Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983.   This proceeding was referred to the undersigned by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's December 7, 2005 "Request for Order of Certified Copy of the Prison Trust Account Statement Directly from C.S.P. Sacramento."

        A review of the docket reveals that on September 7, 2005, the court ordered plaintiff to provide, within thirty days, a certified copy of his prison trust account statement for the six months immediately preceding the filing of his complaint.  Plaintiff has previously requested two extensions to file the trust account statement–one on September 28, 2005 and one on November 3, 2005.  In his September 28, 2005 extension request, plaintiff stated that he was having difficulties obtaining forms from the prison library.  Plaintiff based his November 3, 2005 request on the "uncontroleable [sic] time it has taken to...receive the ...Trust Account Statement. Plus the possible lapse of time it might take to have the same certified."  (Doc. 9.)

        It is not immediately apparent from plaintiff's filings what is the immediate cause of the problems in his obtaining and providing to the court a copy of this trust account statement.

However, the court is concerned about the unusually long delay.

The court will provide plaintiff a final opportunity to submit a certified copy of his prison trust account statement within thirty days from the date of this order. If plaintiff is unable to provide such due to the actions of prison officials, he is to file a declaration signed under the penalty of perjury detailing exactly how prison officials have refused to provide him with a copy of the trust account statement.

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's December 7, 2005 "Request for Order of Certified Copy of the Prison Trust Account Statement Directly from C.S.P. Sacramento" (doc. 12.) is denied;

2. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately proceeding the filing of his complaint;

3. If plaintiff is unable to provide a certified copy of his trust account statement due to the conduct of prison officials, he must, within thirty days from the date of his order, file a declaration signed under the penalty of perjury, stating exactly how prison officials have prevented him from providing the court with a certified copy of his prison trust account statement. Plaintiff is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 11-110; and

4. The Clerk of the Court is directed to serve a copy of this order on Director, California Department of Corrections, 1515 S Street, Sacramento, California 95814.

DATED: January 6, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE